## THE STATE v. BUTLER.

1. **Larceny:** POSSESSION OF STOLEN PROPERTY: EVIDENCE. Evidence tending to show that defendant had the stolen horses in his possession examined, but not set out in the opinion, and *held* sufficient to warrant the verdict of guilty.

2. ———: ALIBI: INSTRUCTION. The court instructed the jury that "if he (defendant) has shown that at the time of the larceny he was at such a distance from the scene of the larceny as that he could not have participated in the commission of the crime, this will overcome or rebut any presumption of guilt which would arise from the fact of his having possession of the property, if he had it in his possession at the time alleged." *Held* that the instruction was not vulnerable to the objection that it

made the defense of *alibi* depend on the *distance* of the defendant from the scene of the crime, rather than upon his absence from it.

### Appeal from Carroll District Court.

#### Monday, December 14.

The defendant was convicted in the district court of the larceny of two horses, and sentenced to a term of imprisonment in the penitentiary. From this judgment he appeals.

*McDuffie & Howard*, for appellant.

*A. J. Baker, Attorney-general*, for the State.

Reed, J.—I. The evidence introduced on the trial shows, without any doubt, that the two horses described in the

1. LARCENY: possession of stolen property: evidence.

indictment were stolen on the night of the thirty-first of May, 1882, from the barn of the owner in Carroll county, and that they were found by the owner on the afternoon of the next day running at large on an open prairie near the farm on which the defendant lived, in Green county; and that they had been turned loose there by some person but a short time before the owner found them. There was no direct evidence tending to connect the defendant with the taking of the property. The state introduced evidence, however, which tended to prove that defendant had the stolen horses in his possession a short time before they were found on the prairie, and that he is the person who there turned them loose. It was proven that defendant did have in his possession, a short time before the stolen horses were found on the prairie, two horses of the same color as the stolen ones, but he denied in his testimony that they were the same animals. It is now insisted by defendant's counsel that the evidence did not warrant the finding of the jury that he had the stolen property in his possession. We do not deem it important to set out the evidence relied on by the state to establish that defendant had the

property in possession. It is sufficient to say that we have each read the evidence, and, in our judgment, it abundantly sustains the verdict.

II. The defendant introduced evidence tending to prove an *alibi*. As bearing on that question, the court gave the following instruction to the jury: "The defendant has introduced evidence tending to prove that on the night on which it is claimed the larceny was committed he was at home at his father's house, and that he remained there during the whole of that night, so that he could not have been engaged in the taking of said property. If he has shown that at the time of the larceny he was at such distance from the scene of the larceny as that he could not have participated in the commission of the crime, this will overcome or rebut any presumption of guilt which would arise from the fact of his having possession of the property, if he had it in his possession at the time alleged." Defendant's counsel take exception to this instruction. The objection urged against it is that "it makes the establishment of the *alibi* depend, not upon the fact that he was in another place, but upon the *distance* between where the defendant claims he was and the place where the crime was committed." We think there is no merit in this objection. The language of the instruction is, possibly, not the most exact that might have been used to express the idea intended to be conveyed, but the jury could hardly have failed to understand from it that defendant was entitled to an acquittal if he had proven that he remained at his father's house during all of the night on which the crime was committed. We have found no error in the record, and the judgment must be

AFFIRMED.

<div style="margin-left:2em; font-size:small">2. ——:<br>alibi: instruction.</div>